IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

STANDARD INSURANCE COMPANY,                )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )    Case No. 10-CV-146-GKF-PJC
                                            )
ANNA MALOTTE TOWNSEND JOHNSON;              )
DEVIN LEIGH HARRIS; BEVERLY                 )
STEVENS; CONDIE R. STEVENS; JUANITA         )
A. STEVENS; HELEN E. STEVENS; HUGH          )
N. STEVENS; and EDDIE PIFFERO,              )
                                            )
        Defendants.                         )

## OPINION AND ORDER

Before the court is the Motion for Final Judgment Granting Discharge, Permanent Injunction Against Further Litigation, and Award of Attorneys' Fees and Costs [Dkt. ##91-92] filed by plaintiff Standard Insurance Company ("Standard"). Plaintiff seeks entry of final judgment (1) discharging it from any further liability to the defendants in relation to the Global Power Equipment Group, Inc. Welfare Benefit Plan and/or the Plan Proceeds; (2) permanently enjoining defendants from instituting further proceedings against Standard involving the Plan and/or plan proceeds; and (3) awarding Standard attorneys' fees in the amount of $24,378.00 and costs of $480.36 incurred in connection with bringing and prosecuting this interpleader action, to be paid out of the funds deposited with the Court. [Dkt. #96 at 8]. Defendants do not object to Standard's request for discharge and injunctive relief, but *do* object to Standard's request for attorneys' fees. [Dkt. ##93, 94, 95].

"The award of fees and costs to an interpleader plaintiff, or 'stakeholder,' is an equitable matter that lies within the discretion of the trial court." *Transamerica Premier Insurance Co. v. Growney,* 70 F.3d 123, 1995 WL 675368, *1 (10th Cir. 1995) (unpublished opinion).[1] Fees are normally awarded to an interpleader plaintiff who (1) is "disinterested" (*i.e.* does not itself claim entitlement to any of the interpleader fund); (2) concedes its liability in full; (3) deposits the disputed fund in court; and (4) seeks discharge and "who is not in some way culpable as regards the subject matter of the interpleader proceeding." *Id.*

Once it became clear to Standard that there were conflicting claims to the proceeds of the life insurance policy, it interplead the proceeds and disclaimed any interest in them. Thus, it meets the first three requirements for an award of fees. Moreover, Standard is not culpable of any "wrongdoing" per se. However, the manner in which the employer/policy holder, Global Power Equipment Group, Inc., handled decedent's enrollment for company benefits, including the Standard life insurance plan, was a major factor in creating uncertainty over whether decedent had designated a beneficiary for the life insurance policy.

Under the terms of the policy, a designation or change of a beneficiary was required to be in writing, which included a form signed by the insured or a verification from the employer of an electronic or telephonic designation by the insured. [Dkt. #2, Complaint, Ex. 1]. Because decedent was in Mexico, Global's Human Resources Department emailed the benefit enrollment forms to him, did not send the life insurance policy, and was unable to provide much assistance to him in completing them. He was urged to fill the forms out quickly, scan them and email them back to the HR Department. Whether by mistake or intentionally, he failed to name a beneficiary on the Standard Enrollment and Change Form. However, he listed defendant Devin Leigh Harris as the beneficiary of the life insurance policy on the Global Employee Information

---

[1] Further, the court may, in its discretion, award attorney fees under ERISA. 29 U.S.C. § 1132(g)(1).

Sheet returned at the same time. The completed forms were placed in his personnel file. Had a more careful review occurred, it would have been apparent that the information on the forms was inconsistent, and the problem could have been rectified before the insured's death.

Additionally, Standard does not contend—nor is there evidence in the record—of wrongdoing on the part of the defendants in the course of this litigation. To the contrary, it appears that defendants and their attorneys comported themselves with due civility and professionalism.

Standard wrote the policy and permitted the employer to act on its behalf in enrolling employees in the plan. Therefore, as between the defendants, on the one hand, and Standard, on the other, it is inequitable to force the defendants to bear the cost of resolving this dispute. Moreover, the fees requested by Standard—which totaled almost $25,000.00—would consume more than 28 percent of the life insurance proceeds at issue.

For the foregoing reasons, Standard's Motion for Final Judgment [Dkt. ##91-92] is granted in part and denied in part. Standard is hereby discharged from any further liability to defendants in relation to the Global Power Equipment Group, Inc. Welfare Benefit Plan and/or the plan proceeds. Further, defendants are permanently enjoined from instituting further proceedings against Standard involving the plan or the plan proceeds. Standard's motion for attorney's fees is denied without prejudice to its right to seek taxation of costs by the Court Clerk.

ENTERED this 16th day of September, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma